## MOTT v. CITY OF FLORA, ILL., et al.
### Civil Action No. 625.

District Court, E. D. Illinois.

Aug. 5, 1943.

964

See, also, 3 F.R.D. 232; 3 F.R.D. 233.

Kramer, Campbell, Costello & Wiechert, of East St. Louis, Ill., and Markman, Donovan & Sullivan, of Chicago, Ill., for plaintiff.

A. J. McMahan, of Olney, Ill., and Smith, McCollum & Riggle and E. Harold Wineland, all of Flora, Ill., for defendant.

WHAM, District Judge.

After considering the pleadings, stipulation of facts, evidence, oral and written offered at the trial, and the briefs of counsel, the case appears as hereinafter set forth.

That each party may have in the record all the evidence which counsel may deem material I have determined that all evidence which was received at the trial subject to objection as to materiality and irrelevancy will be admitted.

The bonds held by plaintiff are negotiable instruments which were purchased by him in good faith before maturity for value and without notice of defect.

█ The law which makes water revenue bonds negotiable, Ill.Rev.Stat.1941, C. 24, § 78—2, is not unconstitutional. The statute deals with one subject only, namely, means of obtaining a municipal water supply and financing same by issuance of water revenue bonds, and that subject is expressed in the title. This statute, under its title, could properly contain any provision the legislature might deem suitable relating to the properties of the water revenue bonds thus provided for, as long as such provision related to such water revenue bonds only and made no effort to reach out and deal generally with municipal bonds or securities or other revenue bonds.

█ It would appear that while the circumstances shown by the evidence relating to the letting of the contract and the purchase of the bonds might be calculated to arouse suspicion that more lay back of the transaction than appeared on the surface, there is no actual proof that such was the fact. The evidence of fraud on the part of the city council and contractor by which the bonds in question were disposed of by the city and acquired by the purchaser at less than par and accrued interest at six per cent is slight and circumstantial in character. The proof of fraud is not of that clear and convincing nature the law requires to establish fraud. The bid that was accepted was the lowest bid the council had before it at the time of the letting. The bid for the bonds was par and accrued interest and that amount was actually paid for the bonds to the City's account. The defendants' proof is inadequate to sustain its attack upon the validity of the bonds and the bonds must be held valid.

The question as to the estoppel of the City, in view of the evidence, to urge the defense of invalidity of the bonds, if the City had been able to show actual fraud affecting the sale of the bonds in violation of the statute, is eliminated and decision on the point rendered unnecessary by the failure of the City to show facts which would invalidate the bonds, if presented in apt time, and by the holding of the court that the bonds are in all respects legal and valid.

█ Assuming, without deciding, that Sections 11 and 12 of Ordinance No. 455 empowered the City of Flora to pay in full or make provision therefor at any time, regardless of the other provisions of the ordinance and the provisions of the bonds, it is quite clear that no adequate and lawful provision for the payment of the bonds in full was ever made. In view of the failure of the ordinance to define with particularity what was meant by "provision shall have been made for the payment of all bonds and interest thereon in full" it was essential, in order to stop interest accrual, not only that the holder of the bonds be actually notified, as provided in the resolution of the city council under date of November 25, 1940, but that the money for the payment thereof be actually on hand. Nei-

ther was accomplished as a fact. Consequently, the plaintiff was not required by anything that was done to present the bonds for payment before maturity, nor did interest thereon cease to accrue pursuant to the tenor thereof.

The plaintiff is entitled to recover $12,000 interest on the bonds he holds, coupons for which had become due at the time of the trial, and to interest of five per cent on all delayed interest payments.

█ As I understand the evidence, ample funds are in the water revenue account to pay all of the past due and accrued interest and to leave a substantial balance therein. The failure to pay the plaintiff promptly has not been due to lack of funds or to a wrongful diversion of funds but to the abortive attempt to refund the outstanding bonds so as to reduce the interest rate. The water fund seems to be in a healthy condition, despite the fact that it has been operated, in some respects, contrary to law. I would doubt the necessity at this time for the exercise of the mandatory powers of this court of equity to the extent sought in the plaintiff's complaint. It would seem the wiser course to decree immediate payment of the amount due the plaintiff and to hold the case open for such further relief as may become necessary should the City, at any time, fail to pay the plaintiff as his interest becomes due and his bonds mature. The bonds which were paid out of turn were bonds which, in due course, would mature before any of the plaintiff's bonds would mature. There is no evidence that the plaintiff is actually injured or endangered by such improper acts. I see no present indication that the City will not be able, from the water revenues, to meet its obligations to the plaintiff, as they mature. This being true, it would seem unnecessary at this time to order the City to restore to the water fund the funds which have heretofore been diverted to pay bonds which, in due course, have to be paid, if paid in order of maturity, before plaintiff's bonds. I see no present threat to the safety of plaintiff's investment if the interest is paid up to date without delay.

Should my views, as expressed in the foregoing paragraph, seem to operate so as to deny plaintiff relief to which, in fairness and equity, he is entitled now, I will be glad to hear counsel further. It occurs to me, however, that if the avenue for further and complete relief be kept open in' this cause for immediate use in the event of further diversions by the City, or in the event a more imminent threat to the safety of plaintiff's investment appears, it should suffice. At such time the City could be compelled to restore all unlawfully diverted funds in so far as need might appear.

The findings and conclusions presented by plaintiff seem to state the facts according to the evidence and the governing rules with fair accuracy. For reasons heretofore stated I am not inclined to adopt the conclusions relative to estoppel.

I am struck with the fact, too, that the conclusions of law contain or repeat many facts which, under the rule, should appear in the findings of fact only and should not appear in the conclusions of law. I do not wish to be unnecessarily meticulous in this respect but I believe if counsel for plaintiff will examine his proposed findings and conclusions he will recognize the validity of the criticism.

It is suggested, therefore, that the findings and conclusions be redrafted to meet the above suggestions and criticism and that they be presented with form of decree, as suggested, upon notice to defendants' counsel, unless all can be agreed upon preliminarily between counsel, in which event they may be presented without notice for my signature.